UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    :
RENEE FEREBEE,                      :
                                    :
                    Plaintiff,      :
                                    :
        v.                          :    Civil Action No. 17-0910 (KBJ)
                                    :
UNITED MEDICAL CENTER, *et al.*,    :
                                    :
                    Defendants.     :
_____ :

# MEMORANDUM OPINION

Pro se plaintiff Renee Ferebee describes herself as "the original child of heavenly father, who is very healthy[.]" (Compl., ECF No. 1, at 1.)[1] Ferebee alleges that, during a November 2014 medical appointment with Dr. Melanie Scott-Bowling at United Medical Center ("UMC") in the District of Columbia, Dr. Scott-Bowling accused Ferebee of using drugs and alcohol, and caused an office door to hit Ferebee's head. (See *id.* at 4–6.) Based on this incident, Ferebee has filed the instant lawsuit against Dr. Scott-Bowling and UMC (collectively, "Defendants"). Although her sprawling complaint is difficult to parse, Ferebee appears to assert claims for defamation, assault, and battery, for which she has demanded $500 million in damages. (*See id.* at 2.)

Before this Court at present is Defendants' motion to dismiss Ferebee's complaint. (*See* Mot. to Dismiss, ECF No. 6.) Defendants argue that all of Ferebee's claims are subject to a one-year statute of limitations, and that because she filed this

---

[1] Page numbers herein refer to those that the Court's electronic case-filing system automatically assigns.

lawsuit more than two and a half years after her claims accrued, all of her claims must be dismissed. (*See* Mem. in Supp. of Defs.' Mot. to Dismiss ("Defs.' Mem."), ECF No. 6-1, at 6–7.) For the reasons explained below, this Court agrees with Defendants that Ferebee's claims are untimely under the law of the District of Columbia, and as a result, Defendants' Motion to Dismiss will be **GRANTED**. A separate Order consistent with this Memorandum Opinion will follow.

I.  BACKGROUND

   A.  The Facts[2]

Dr. Scott-Bowling was Ferebee's primary care physician for some period of time, and from Ferebee's recounting of their interactions, it appears that the physician-patient relationship soured beginning in November of 2014. Specifically, Ferebee alleges that she had a medical appointment with Dr. Scott-Bowling scheduled for November 4, 2014, but when she arrived at Dr. Scott-Bowling's UMC office, a staff member informed Ferebee that her appointment had been cancelled. (*See* Compl. at 4.) Ferebee "was displeased[,]" and "[w]hen [Ferebee] ask[ed] why she was not notified, the staff [assistant] replied by saying 'I called you [] and left a message.'" (*Id.*) Ferebee maintains that she has no cell phone, and she believes that the staff assistant lied about having left a message. (*See id.*)

Ferebee allegedly returned to UMC on November 9, 2014, "to have blood work done," and again on November 24, 2014, for the test results. (*Id.*) She states that she was "a little annoyed" on November 24th because she had an appointment at 9:00 a.m.,

---

[2] The facts recited herein are drawn from Ferebee's complaint, which consists of a series of capitalized contentions that recite the details of various medical appointments and other events that Ferebee apparently deems relevant to the claims that she is making in this case.

2

and she "was not being seen on her schedule[d] time." (*Id.*) Ferebee also asserts that she "felt disrespected" by Dr. Scott-Bowling's staff; she claims they were rude to her and improperly allowed other patients to be seen ahead of her. (*Id.* at 5.)

When Dr. Scott-Bowling finally saw Ferebee to review her test results, Dr. Scott-Bowling allegedly noted that Ferebee's "liver enzymes [were] high[,]" and according to Ferebee, attributed the elevated levels to "drinking and smoking." (*Id.*) Ferebee claimed not to drink alcohol or smoke (*id.* at 5, 6), and she took offense when Dr. Scott-Bowling "kept on repeating (accusation, and insinuated) that [Ferebee] did . . . drugs and dr[a]nk." (*Id.* at 5.) Ferebee claims that the conversation "became a little hostile," and that a staff nurse entered the examination room and witnessed Dr. Scott-Bowling calling Ferebee "a physco [sic][.]" (*Id.*)

Ferebee surmises that Dr. Scott-Bowling's conduct was the result of "jealousy towards [Ferebee] because of her severe weight loss" achieved over three years "with the help of her heavenly father[.]" (*Id.*) Ferebee claims that Dr. Scott-Bowling "could not accept the new look that she saw in [Ferebee], just like every other woman who has a weight problem, and is jealous of someone[] else['s] success." (*Id.*) The visit ended with a conversation that became "a little loud," and, allegedly, a demand that Ferebee not return to that office. (*Id.*) According to Ferebee, Dr. Scott-Bowling "harshly told [Ferebee] to 'get out of her face[,]'" and "purposely open[ed] the door to hit [Ferebee] in the forehead." (*Id.* at 6). Ferebee claims that she "has suffered a permanent scar over her right eye" as a result of the door hitting her. (*Id.* at 7.)

### B. Procedural Background

On April 3, 2017, Ferebee filed the instant complaint, along with an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF

3

No. 2), and a motion to use a Post Office Box as her mailing address (ECF No. 4). Her complaint consists of four type-written documents that offer a stream of consciousness accounting of various medical appointments and interactions, and appears to assert claims for assault, battery, and defamation. (*See generally* Compl.) Ferebee requests $500 million in damages and the termination of Dr. Scott-Bowling's employment at UMC. (*See, e.g.*, *id*. at 2 ("Plaintiff is seeking five hundred million dollars, for defamation of character, false medical review, intent to disable[], verbal threat, punitive damages, tort, and mental stress, which Plaintiff endured from this doctor."); *see also id.* at 6 (requesting that Dr. Scott-Bowling be fired).)

The copy of the complaint that Ferebee has filed bears two earlier Clerk's Office date stamps that are crossed out: August 22, 2016, and November 30, 2016. (*See id.* at 1.) It appears that Ferebee attempted to submit her complaint and IFP application on each of these two dates, but that the Clerk's Office rejected the filings, presumably because Ferebee listed a Post Office Box in the caption as her address and did not file a motion seeking an exemption from Local Civil Rule 5.1(c), which requires a pro se party proceeding *in forma pauperis* to "provide in the caption the name and full residence address or official address of each party." LCvR 5.1(c)(1). In such circumstances, it is the practice of the Clerk Office's to return the documents to the plaintiff and cross out the date stamp. The Court finally granted Ferebee's IFP application and her motion to use a Post Office Box as her mailing address on May 11, 2017, and the Clerk filed these documents on the Court's CM/ECF system, along with her complaint, on May 15, 2017.

4

On July 17, 2017, Defendants filed the pending motion to dismiss, in which they argue that all of Ferebee's claims accrued in November of 2014, when the alleged incident occurred in Dr. Scott-Bowling's office, and are subject to a one-year statute of limitations that expired in November of 2015—well before Ferebee filed the instant complaint. (*See* Defs.' Mem. 4–5.) Defendants also maintain that, even if Ferebee's claims are timely, they nevertheless must be dismissed because neither Dr. Scott-Boling nor UMC has been properly served with process. (*See id.* at 7–9.)[3] On July 20, 2017, Ferebee filed her opposition to the motion to dismiss, in which she argues (without any further explanation) that "all of [the] claims that are mentioned in Defendant[s'] motion[] are not barred by the statute of limitation, because claim was issued in a timely manner[.]" (Pl.'s Opp'n, ECF No. 10, at 1; *see also id.* at 2 ("Plaintiff's claim[s] are not barred by the statu[t]e of limitations[.]").)

Defendants' motion to dismiss is now ripe for this Court's consideration. (*See* Defs.' Reply, ECF No. 11; Pl.'s Mot. to Oppose Against the Def.'s Dismissal Against Pl. ("Pl.'s Surreply"), ECF No. 12.)

## II. LEGAL STANDARD

### A. Motions To Dismiss Under Federal Rule Of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to

---

[3] This contention is meritless because Ferebee is proceeding pro se and *in forma pauperis*, and officers of the court are responsible for issuing and serving process on Defendants. *See* 28 U.S.C. § 1915(d); *see also* Fed. R. Civ. P. 4(c)(3). It is well established that "[g]enerally, a *pro se* plaintiff who depends on court officers should not be penalized for a court officer's delay, failure or mistake in effecting service of process." *Ray v. Experian, Inc.*, No. 08-1114, 2009 WL 1255114, at *1 (D.D.C. Apr. 28, 2009) (citations omitted); *see also Hardy v. Joseph I. Sussman, P.C.*, 953 F. Supp. 2d 102, 107 (D.D.C. 2013). Thus, even assuming that service was defective, Defendants' motion will be **DENIED** in this respect.

5

dismiss a complaint on the grounds that the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "Although 'detailed factual allegations' are not necessary to withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must furnish 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Busby v. Capital One, N.A.*, 932 F. Supp. 2d 114, 133 (D.D.C. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[M]ere conclusory statements" are insufficient to make out a cause of action against a defendant, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted), and to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### B. Application Of The Pleading Rules To Pro Se Parties

When evaluating Defendants' motion to dismiss, this Court must be mindful of the fact that Ferebee is proceeding in this matter pro se. It is well established that a court must "liberally construe[]" the pleadings of pro se parties, and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, it is also quite clear that "[t]his benefit is not . . . a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. U.A.E.*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009) (citation omitted); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993).

Thus, although a pro se complaint "must be construed liberally, the complaint must still present a claim on which the Court can grant relief." *Budik v. Dartmouth-*

6

*Hitchcock Med. Ctr.*, 937 F. Supp. 2d 5, 11 (D.D.C. 2013) (internal quotation marks and citation omitted); *see Moore v. Motz*, 437 F. Supp. 2d 88, 90 (D.D.C. 2006) (noting that "[e]ven a pro se plaintiff's inferences . . . need not be accepted" if they "are unsupported by the facts set out in the complaint" (internal quotation marks and citation omitted)); *see also Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981) (explaining that a pro se complaint must state a claim upon which relief can be granted).

## III. ANALYSIS

Defendants have moved to dismiss Ferebee's complaint on the grounds that all of her claims are subject to a one-year limitations period, and that she commenced her suit outside of this timeframe. (*See* Defs.' Mem. at 4.) This Court agrees that Ferebee's complaint is untimely, and thus must be dismissed, for the following reasons.

Under District of Columbia law, a person must bring an action "for libel, slander, assault, battery, mayhem, wounding, malicious prosecution, false arrest or false imprisonment [within] 1 year" of the claim accruing. D.C. Code § 12-301(4). Claims for defamation accrue "at the time of the original publication" of the allegedly defamatory statement. *Jin v. Ministry of State Sec.*, 254 F. Supp. 2d 61, 68 (D.D.C. 2003). Similarly, if the injury that a plaintiff allegedly suffers due to an assault is readily apparent (such as a physical head wound), a claim for assault and battery accrues "at the time the injury actually occurs." *Colbert v. Georgetown Univ.*, 641 A.2d 469, 472 (D.C. 1994) (en banc) (citation omitted).

Thus, each of the claims that Ferebee appears to assert in the instant complaint *accrued on November 24, 2014*—i.e., when Ferebee and Dr. Scott-Bowling had the

7

confrontation in Dr. Scott-Bowling's office at UMC (*see* Compl. at 4–6)—and the limitations period for each of the claims expired on November 25, 2015. And even if this Court treats Ferebee's complaint as if it had been filed on the earliest date that the Clerk's Office received it—August 22, 2016—Ferebee's claims still came nearly 10 months too late.

Ferebee's only response is to repeatedly state that her claims are timely. (*See, e.g.*, Pl.'s Opp'n at 1 ("Plaintiff is hereby asking the court that all of claims that are mentioned in Defendant's motion[] are not barred by the statute of limitations, because claim was issued in a timely manner [sic]."); *id.* at 2 ("Plaintiff's claim[s] are not barred by the statute of limitations[.]"); Pl.'s Surreply at 1 ("Pursuant to D.C. Rule, Federal R.C.V.P. 26(A)(3), Plaintiff have filed on [sic] a timely manner.").) Ferebee's fervent belief that her complaint is timely does not make it so; under established D.C. law, it is clear that she has filed an untimely action that must be dismissed. *See* D.C. Code § 12-301(4); *see also, e.g.*, *Tavakoli-Nouri v. Gunther*, 745 A.2d 939, 942 (D.C. 2000) (holding that the plaintiff's common law assault claims were time-barred where case was filed more than one year after the underlying incident); *Wallace v. Skadden, Arps, Slate, Meagher & Flom*, 715 A.2d 873, 882 (D.C. 1998) (holding that the trial court properly dismissed defamation claims where statements were made more than one year before lawsuit was filed).

## IV.  CONCLUSION

For the reasons explained above, Ferebee initiated this lawsuit outside of the governing one-year limitations period, such that her claims are now time-barred.

Accordingly, and as set forth in the accompanying order, Defendants' [6] Motion to Dismiss is **GRANTED**, and Ferebee's complaint is **DISMISSED**.


DATE:  March 8, 2018                    *Ketanji Brown Jackson*
                                        KETANJI BROWN JACKSON
                                        United States District Judge